UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH TIDWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. C18-318RSL<br><br>ORDER GRANTING<br>MOTION FOR LEAVE TO<br>AMEND AND FOR<br>REMAND TO STATE<br>COURT |

This matter comes before the Court on "Plaintiff's Motion for Leave to File an Amended Complaint and for Remand to State Court." Dkt. # 14. Defendant failed to respond to plaintiff's motion, which the Court may treat as an admission of the motion's merit. See LCR 7(b)(2).

In this uninsured motorist claim, plaintiff seeks to amend her complaint and add William Andrews, the claims adjuster in her case, as a defendant. Her request follows the recent decision by the Washington Court of Appeals in Keodalah v. Allstate Ins. Co., 413 P.3d 1059, 1065 (Wash. Ct. App. 2018), holding that individual insurance adjusters can be liable for violating Washington's Consumer Protection Act, RCW 48.01.030.

Rule 15 of the Federal Rules of Civil Procedure provides that courts "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Based on "the strong policy permitting amendment," Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999), courts deny leave to amend "only if there is strong evidence of undue delay, bad faith or dilatory

ORDER GRANTING MOTION FOR LEAVE TO
AMEND AND FOR REMAND TO STATE COURT - 1

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment," <u>Sonoma Cty. Ass'n of Retired Emps. v. Sonoma County</u>, 708 F.3d 1109, 1117 (9th Cir. 2013) (marks and citation omitted). As for joinder, Rule 20 permits joinder of parties defending claims that arise out of the same transaction or occurrence and present common questions of law or fact. Fed. R. Civ. P. 20(a).

Mr. Andrews is a citizen of Washington State, and his joinder as a defendant would destroy complete diversity of citizenship and extinguish the Court's subject matter jurisdiction over this action. <u>See</u> <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373 (1978). It is within the Court's discretion whether to join Mr. Andrews as a defendant and remand the matter to state court. <u>See</u> 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

Plaintiff's claims against Mr. Andrews arise out of the same transaction or occurrence and present common questions of law and fact. <u>See</u> Fed. R. Civ. P. 20(a). Plaintiff's request comes relatively early in this case and was filed before the deadlines for joining parties and amending pleadings. <u>See</u> Dkt. # 11. Defendant does not oppose the motion and there is no other indication that joinder and remand would prejudice defendant. <u>See</u> <u>Ballard Condominiums Owners Ass'n v. Gen. Sec. Indem. Co. of Arizona</u>, No. C09-484RSL, 2011 WL 13193265, at *1 (W.D. Wash. Feb. 9, 2011). There has been no undue delay and nothing suggests the request is a tactic to defeat jurisdiction. <u>See id.</u> The Court finds that leave to amend and join Mr. Andrews as a defendant is appropriate, that the Court lacks subject matter jurisdiction following Mr. Andrews's joinder, and that this action should be remanded to state court.

For the foregoing reasons, plaintiff's motion, Dkt. # 14, is GRANTED. The Court adopts as the operative pleading in this action plaintiff's proposed amended complaint. Dkt. # 15-3. The Clerk of Court is ORDERED to REMAND this matter to the Superior Court of the State of Washington for King County.

1    DATED this 31st day of May, 2018.

                                    _____
                                    Robert S. Lasnik
                                    United States District Judge

ORDER GRANTING MOTION FOR LEAVE TO
AMEND AND FOR REMAND TO STATE COURT - 3